

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 20, 1951

Hon. Robert S. Calvert         Opinion No. V-1209
Comptroller of Public Accounts
Austin, Texas           Re: Legality of transferring a
                          thirty dollar annual tax re-
                          ceipt on a five cent coin-
                          operated marble table to a
                          different kind of five cent
                          coin-operated machine when
                          the marble table is sold or
Dear Mr. Calvert:        destroyed.

        Your request for an opinion reads, in part, as follows:

        "Section 4 (e) of Article III of House Bill 8, Chap-
ter 495, Acts of the 44th Legislature, Third Called Ses-
sion of 1936 [Art. 7047a-2, V.C.S.], reads as follows:

        " 'The term "skill or pleasure coin-operated
machines"as used herein shall mean and include every
coin-operated machine of any kind or character what-
soever, when such machine or machines dispense or
are used or are capable of being used or operated for
amusement or pleasure or when such machines are
operated for the purpose of dispensing or affording
skill or pleasure, or for any other purpose other than
the dispensing or vending of "merchandise or music"
or "service exclusively, as those terms are defined
herein. The following are expressly included within
said term: marble machines, marble table machines,
marble shooting machines, miniature race track ma-
chines, miniature football machines, miniature golf
machines, miniature bowling machines, and all other
coin-operated machines which dispense or afford skill
or pleasure.'

        "The tax rate is $30 per calendar year on five
cent coin-operated 'skill or pleasure machines' and
$60 per calendar year when the coin or token used in
operation is one of the value in excess of five cents.

        "If a coin-operated machine operator has paid
$30 state tax on a five-cent coin-operated marble
table and the marble table is sold or destroyed, could

the $30 tax receipt issued for the marble table be trans-
ferred to a five-cent coin-operated miniature bowling
machine? Or transferred to any other five-cent coin-
operated skill or pleasure machine?

"If your answer to the above question is in the
affirmative, could the $30 coin-operated marble ma-
chine tax receipt be applied as credit on part payment
of the tax on another type of 'skill or pleasure machine'
that requires a ten-cent coin to operate and that car-
ries an annual tax of $60?"

Article 7047a-3, V.C.S., provides, in part, as follows:

"Every 'Owner' as that term is hereinabove de-
fined, who owns, controls, possesses, exhibits, displays,
or who permits to be exhibited or displayed in this State
any 'coin-operated machines' as that term is defined
herein, shall pay and there is hereby levied on every
coin-operated machine as defined in this Act, except
such as are exempted herein, an annual occupation tax
determined by the following schedule: . . ." (Emphasis
added.)

Article 7047a-2, V.C.S., defines the term "owner" as
follows:

"The term 'owner' as used herein shall mean
and include any person, individual, firm, company, as-
sociation or corporation owning or having the care,
control, management or possession of any 'coin-oper-
ated machine' in this State."

We have carefully examined all the provisions of the
law which levy taxes upon coin-operated machines and find that the
Legislature has not in any manner provided for either a refund of
the tax levied or the transfer of the license or permit issued to evi-
dence the payment of the tax to a different machine by reason of
the fact that the machine is either sold, lost, destroyed, or is no
longer in use.

We think it is clear that Article 7047a-3 levies an annual
tax upon every coin-operated machine as defined in the statutes levy-
ing the tax. If the license or permit could be transferred to a dif-
ferent machine, the result would be that the annual tax levied against
each machine would not be collected, but only an annual tax in the
stated amount would be collected by reason of the operation of two
or more machines during the taxable year.

We therefore answer your questions in the negative.

## SUMMARY

The license or permit issued to the owner of a coin-operated machine evidencing the payment of the annual occupation tax cannot lawfully be transferred to a different coin-operated machine.

Yours very truly,

PRICE DANIEL
Attorney General

By *W. V. Geppert*

W. V. Geppert
Assistant

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

WVG/mwb